# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**SCOTT TITUS,**

    Plaintiff,

**v.**                                            **Civil Action No. 3:12-CV-21 (GROH)**

**MICHAEL SMITH, JR., and**
**HOME DEPOT U.S.A., INC.,**

    Defendant.

## MEMORANDUM OPINION AND ORDER
## TRANSFERRING VENUE TO THE WESTERN DISTRICT OF VIRGINIA

Pending before the Court are the defendants' Motion to Transfer [Doc. 7], filed March 20, 2012; the plaintiff's Motion to Remand [Doc. 12], filed April 4, 2012; the plaintiff's Motion to Hold Motion to Transfer in Abeyance Pending Resolution of Motion to Remand [Doc. 16], filed April 16, 2012; and the defendants' Motion to Dismiss [Doc. 22], filed May 3, 2012. These motions have been fully briefed and are now ripe for decision. Having reviewed the record and considered the arguments of the parties, this Court concludes that the plaintiff's Motion to Remand should be **DENIED**, the defendants' Motion to Transfer should be **GRANTED**, the plaintiff's Motion to Hold Motion to Transfer in Abeyance Pending Resolution of Motion to Remand should be **DENIED AS MOOT**, and the defendants' Motion to Dismiss should remain pending for disposition by the transferee court.

## BACKGROUND

I.  **Factual Allegations**

On July 11, 2010, plaintiff Scott Titus, a resident of Clarke County, Virginia, arrived at a Home Depot U.S.A., Inc. ("Home Depot") store located in Ranson, Jefferson County, West Virginia, to return a kitchen faucet he had purchased earlier in the day from the same store. (State Court Compl. at ¶ 4). Titus, who was accompanied by his 9-year-old daughter and 11-month-old son, had the receipt in his possession. (Id.). After walking through the store and locating a replacement for the faucet, Titus went to the return counter. (Id. at ¶ 5). Home Depot employee Michael Smith, Jr., a resident of Berkeley Springs, Morgan County, West Virginia, then approached Titus and asked him to accompany him to an office in the back of the store to confirm that all the correct parts were being returned. (Id.). This reason was false. (Id.). Once in the office, Smith informed Titus that he was with store loss prevention and that he had personally witnessed Titus enter the store without an item and then attempt to return an item that Titus pulled from the store shelf. (Id. at ¶ 6). This statement was false. (Id.). Smith further claimed that surveillance video would corroborate his allegation. (Id. at ¶ 7). This statement was also false. (Id.).

During the time that Smith was accusing Titus of theft, an unknown employee of defendant Home Depot stood in the doorway of the office. (Id. at ¶ 8). Because he was accompanied by his young children, Titus felt that he could not leave the office or insist upon leaving the office. Titus felt physically threatened by Smith and the other individual. Titus reasonably believed that he was being detained. This detention exceeded thirty minutes. (Id.). Titus informed Smith that he had a receipt. Nevertheless, Smith responded that Ranson police had been called and that Titus would be arrested upon their arrival. (Id.

2

at ¶ 9). Smith then demanded that Titus sign a statement admitting that he had committed a crime. Titus refused. (Id. at ¶ 10).

When the police arrived, they asked to review the surveillance video. Smith refused. (Id. at ¶ 11). Due to unspecified problems with the recorder, the police were unable to review the video. Ultimately, Titus and his children were permitted to leave. However, the police informed Titus that a warrant for his arrest would be issued should the surveillance video subsequently corroborate Smith's allegations. (Id. at ¶ 12).

Later that evening, Titus was contacted by the manager of the store who claimed that he had reviewed the security video and determined that Titus did steal an item. Because the manager further determined that Titus did not intend to commit return fraud, he informed Titus that Home Depot would not seek prosecution. (Id. at ¶ 13).

On July 12, 2010, Titus was contacted by Ranson police and informed that upon further investigation it was determined that Smith had given a contradictory statement. Ultimately, Ranson police sought a warrant for Smith's arrest for falsely reporting an emergency. (Id. at ¶ 14).

## II. **Procedural History**

On March 1, 2011, Titus filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division. Four months later, on July 6, 2011, Titus filed the instant action against Smith and Home Depot in the Circuit Court of Jefferson County, West Virginia. The Complaint [Doc.1-1] contains two state-law causes of action: (1) false imprisonment and (2) intentional infliction of emotional distress.

On September 20, 2011, Titus moved the bankruptcy court to convert his case to a Chapter 13 plan. On October 12, 2011, the bankruptcy court granted Titus' motion, converting his bankruptcy into one under Chapter 13. On November 7, 2011, Titus filed his Chapter 13 bankruptcy petition, which he subsequently amended on December 29, 2011, and March 1, 2012. Neither the original Chapter 13 petition nor its amendments list this action on Titus' Schedule of Assets.

During a February 17, 2012, deposition, Smith and Home Depot discovered for the first time that Titus had filed for bankruptcy protection. Based upon this discovery, Smith and Home Depot removed the above-styled matter to this Court on March 15, 2012, pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), asserting that this matter is a civil proceeding related to Titus' bankruptcy case [Doc.1].

On March 20, 2012, Smith and Home Depot filed the instant Motion to Transfer [Doc. 7] asking this Court to transfer venue to the United States District Court for the Western District of Virginia, Harrisonburg Division. First, the defendants argue that this Court has non-exclusive original jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) as a civil action related to Titus' bankruptcy case because the outcome of this litigation could have a conceivable effect on his bankruptcy estate. Next, however, the defendants contend that venue is more proper in the Western District of Virginia because a transfer to that district would promote the economic and efficient administration of Titus' bankruptcy estate.

On April 4, 2012, Titus filed the instant Motion to Remand [Doc. 12] requesting that this Court abstain from hearing his case and remand this matter back to the Circuit Court of Jefferson County. Titus offers three bases for abstention. First, Titus argues that

4

abstention is mandated by 28 U.S.C. § 1334(c)(2).  Second, Titus asserts that abstention is permitted by 28 U.S.C. § 1334(c)(1).  Third, Titus contends that abstention is equitable pursuant to 28 U.S.C. § 1452(b).

On April 16, 2012, Titus filed the instant Motion to Hold Motion to Transfer in Abeyance Pending Resolution of Motion to Remand [Doc. 16] asking this Court to rule upon his Motion to Remand before deciding the defendants' Motion to Transfer.  However, because this Court has ruled upon both motions below, this motion is moot.

On May 3, 2012, Smith and Home Depot filed the instant Motion to Dismiss [Doc. 22] contending that Federal Rule 17(a) of Civil Procedure requires that this action be dismissed.  Specifically, the defendants argue that Titus is not the real party in interest to prosecute this civil action because the claims at issue passed into his bankruptcy estate upon the filing of his petition.

## DISCUSSION

I. **Applicable Standards**

    A. **Removal of Civil Proceedings"Related To" Bankruptcy Cases**

Title 28 U.S.C. § 1452(a) states, "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  Title 28 U.S.C. § 1334(b) provides, "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court of courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11."

5

**B.     Abstention from Civil Proceedings "Related To" Bankruptcy Cases**

    **1.     Mandatory Abstention**

Title 28 U.S.C. § 1334(c)(2) provides in whole as follows:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

    **2.     Permissive Abstention**

Title 28 U.S.C. § 1334(c)(1) states as relevant here:

[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

    **3.     Equitable Abstention**

Title 28 U.S.C. § 1452(b) provides in pertinent part:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

**C.     Transfer of Civil Proceedings "Related To" Bankruptcy Cases**

Title 28 U.S.C. § 1412 states in whole as follows:

A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

6

## II. Analysis

### A. "Related To" Civil Proceeding

In their Notice of Removal [Doc.1], the defendants assert jurisdiction under 28 U.S.C. § 1334, arguing that this civil proceeding relates to Titus' bankruptcy case currently pending in the Western District of Virginia. As explained below, this Court agrees with the defendants' assertion of jurisdiction.

"The Fourth Circuit has adopted the test set forth in ***Pacor, Inc. v. Higgins***, 743 F.2d 984 (3d Cir. 1984), for determining whether a civil proceeding 'relates to' a bankruptcy case. *See **Owens-Illinois, Inc. v. Rapid American Corp. (In re Celotex Corp.)***, 124 F.3d 619, 625 (4th Cir. 1997)." ***Blanton v. IMN Fin. Corp.***, 260 B.R. 257, 261 (M.D.N.C. 2001). The ***Pacor*** Court articulated that test as follows:

> Whether a civil proceeding is related to bankruptcy is [determined by] whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

***Pacor***, 743 F.2d at 944 (emphasis in original) (citations omitted). "The Fourth Circuit has construed the ***Pacor*** test broadly, stating that the test 'does not require certain or likely alteration of the debtor's rights, liabilities, options, or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate. The possibility of such alteration or impact is sufficient to confer jurisdiction." ***Blanton***, 260 B.R.

at 261-262 (quoting *In re Celotex Corp.*, 124 F.3d at 626).

Here, there can be no question that the outcome of this case could conceivably have an effect on Titus' bankruptcy estate, which is being administered in the Western District of Virginia. Specifically, any recovery in this action will increase the size of Titus' bankruptcy estate for the benefit of his creditors. As such, this civil proceeding is "related to" Titus' bankruptcy case. Thus, this Court has non-exclusive original jurisdiction to hear this matter pursuant to § 1334(b).

### B. Motion to Remand

In his Motion to Remand, Titus argues that this Court should nevertheless abstain from hearing this matter, citing three alternative doctrines of abstention: (1) mandatory abstention, (2) permissive abstention, and (3) equitable abstention. The Court considers the applicability of each doctrine below.

#### 1. Mandatory Abstention

"[M]andatory abstention is appropriate under § 1334(c)(2) when the following requirements are met: (1) a timely motion is made; (2) the proceeding is based on a state law claim or a state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction." *Blanton*, 260 B.R. at 263.

In arguing that the fifth element is present, Titus disputes neither that complete diversity exists nor that the requisite amount is in controversy. Instead, Titus argues that based upon the forum defendant rule, defendant Smith's West Virginia residency precludes

8

removal pursuant to 28 U.S.C. § 1332. While Titus' argument represents an accurate application of the forum defendant rule, Titus' focus on whether this action could have been removed is inapposite.

"Abstention is mandatory only when the action could not have been *commenced* in federal court on any jurisdictional basis other than the bankruptcy removal statutes. . . . The availability of diversity jurisdiction *at the commencement of the case* is enough to prevent application of the mandatory abstention provision found in § 1334(c)(2)." **Blanton**, 260 B.R. at 265 (emphasis added).

While this action could not have been removed based upon diversity jurisdiction, it could have been originally commenced in this Court on that basis. Considering the plain language of § 1334(c)(2), whether an action could have been commenced in federal court is the proper inquiry in determining whether the fifth element for mandatory abstention is present. Because diversity jurisdiction was available to Titus at the commencement of this case, § 1334(c)(2) does not require this Court to abstain.

### 2. Permissive Abstention

"In analyzing whether permissive abstention is appropriate a court should consider the following factors:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the

9

possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

*Cline v. Quicken Loans Inc.*, 2011 WL 2633085, *6 (N.D. W.Va. July 5, 2011) (quoting *Blanton*, 260 B.R. at 265).

Based on these factors, this Court finds that the exercise of federal jurisdiction is appropriate. Though a number of factors weigh in favor of remand, compelling reasons exist to maintain federal jurisdiction. First, this Court has a duty to resolve matters properly before it. As explained above, this matter was properly removed as a civil action that relates to a bankruptcy proceeding. In addition, Titus could have commenced this action in federal court based on diversity jurisdiction. As such, this Court is not required to abstain. Second, while the causes of action asserted by Titus are based on state law, they do not involve novel or complex legal questions which would be better resolved by a state court. Finally, as discussed below, judicial economy and consistency favor maintaining federal jurisdiction and transferring this action to the Western District of Virginia.

### 3.    Equitable Abstention

"Courts have noted that the factors for judging the propriety of permissive abstention are essentially identical to the factors articulated for determining the propriety of remand under 28 U.S.C. § 1452(b)." *Cline*, 2011 WL 2633085, at *6 (quoting *Blanton*, 260 B.R. at 265 n. 5). Accordingly, for the same reasons that permissive abstention is inappropriate here, this Court finds that equitable remand is also not warranted.

### C. Motion to Transfer

In their Motion to Transfer, the defendants argue that Titus is unable to rebut the presumption that his "related to" civil action should be adjudicated in the Western District of Virginia where his bankruptcy case is pending. This Court agrees.

"Factors cited by courts in determining whether transfer of venue will serve the interests of justice include: (a) the economic administration of the bankruptcy estate; (b) the presumption in favor of trying cases 'related to' a bankruptcy case in the court in which the bankruptcy is pending; (c) judicial efficiency; (d) ability to receive a fair trial; (3) the state's interest in having local controversies decided within its borders; (f) enforceability of any judgment rendered; and (g) the plaintiff's original choice of forum." **Blanton**, 260 B.R. at 266 (citation omitted).

Although West Virginia's interest in deciding local controversies and Titus' original choice of forum favor retaining venue, these factors are outweighed by considerations of consistency, judicial economy, and the economic administration of Titus' bankruptcy estate. In addition, there is no reason to believe that the ability to receive a fair trial or the enforceability of any judgment rendered would be affected by transferring venue. Accordingly, this Court finds that in the interest of justice the instant action should be transferred to the Western District of Virginia, from which it can be referred to the bankruptcy court.

### D. Motion to Dismiss

In their Motion to Dismiss, the defendants contend that this action should be dismissed because Titus has no standing as a debtor to sue on his own behalf. While the defendants' argument may have merit, their motion should be decided by the transferee

court.

## **CONCLUSION**

For the foregoing reasons, this Court hereby **DENIES** the plaintiff's Motion to Remand **[Doc. 12]**, **GRANTS** the defendants' Motion to Transfer **[Doc. 7]**, and **DENIES AS MOOT** the plaintiff's Motion to Hold Motion to Transfer in Abeyance Pending Resolution of Motion to Remand **[Doc. 16]**. Accordingly, this Court hereby **TRANSFERS** the above-styled civil action to the United States District Court for the Western District of Virginia, Harrisonburg Division, from which it can be referred to the bankruptcy court. The defendants' Motion to Dismiss **[Doc. 22]** should remain pending for disposition by the transferee court.[1]

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the counsel of record.

**DATED:** June 15, 2012.

GINA M. GROH
UNITED STATES DISTRICT JUDGE

---

[1] In rendering these rulings, and limited to that purpose, this Court hereby **ORDERS WITHDRAWN** the Orders of Reference dated December 23, 1982, and August 24, 1984. See 28 U.S.C. § 157(d).